COPY



1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
Shawn A. Toliver, SB# 148349
2  Marisa M. Yee, SB# 226729
One Sansome Street, Suite 1400
3  San Francisco, CA 94104
Tel:    (415) 362-2580
4  Fax:    (415) 434-0882

5  Attorneys for Defendants UNITED AGRI PRODUCTS, INC., and UAP DISTRIBUTION, INC.

6

7  E-filing

8

9  **IN THE UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA**                    EMC

11

12                                                  CASE N.  **C 07     3555**

13  KEN KUNZLER

14          Plaintiff,                          **DECLARATION OF MARISA M. YEE
                                                IN   SUPPORT   OF   NOTICE   OF**
        v.                                      **REMOVAL  OF  ACTION  UNDER  28**
15                                              **U.S.C. §§ 1441, 1332 (DIVERSITY OF**
    UNITED   AGRI   PRODUCTS,   INC.,   UAP     **CITIZENSHIP)**
16  DISTRIBUTION, INC., and DOES 1 through
    25, inclusive,                              Complaint Filed: May 2, 2007
17                                              Trial Date: None Set
            Defendants.
18

19      I, Marisa M. Yee, declare:

20      1.      I am an attorney duly licensed to practice in all of the courts of the State of

21  California and am an associate of Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for

22  Defendants United Agri Products, Inc., and UAP Distribution, Inc., herein.  The facts set forth

23  herein are of my own personal knowledge and if sworn I could and would testify competently

24  thereto.

25      2.      United Agri Products, Inc., is a U.S. corporation, incorporated in the State of

26  Delaware.

27      3.      United Agri Products, Inc.'s principal place of business is in the State of Colorado.

28      4.      UAP Distribution, Inc. is a U.S. corporation, incorporated in the State of Delaware.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME ST., SUITE 1400
SAN FRANCISCO, CA 94104-4431
TEL 415.362.2580

5. UAP Distribution, Inc.'s principal place of business is in the State of Colorado.

6. A true and correct copy of the Complaint for Damages is attached hereto as Exhibit "A."

7. A true and correct copy of the first Summons is attached hereto as Exhibit "B."

8. A true and correct copy of the First Amended Complaint for Damages is attached hereto as Exhibit "C."

9. A true and correct copy of the second Summons is attached hereto as Exhibit "D."

10. A true and correct copy of the Notice of Delay Reduction Rules and Case Management Conference is attached hereto as Exhibit "E."

11. A true and correct copy of an electronic mail message received from counsel for Plaintiff Ken Kunzler, along with the attachment to the electronic mail message, is attached hereto as Exhibit "F."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 9, 2007                LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____
Marisa M. Yee
Attorney for Defendants United Agri Products, Inc. and UAP Distribution, Inc.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME ST., SUITE 1400
SAN FRANCISCO, CA 94104-4431
TEL: 415.362.2580

**EXHIBIT "A"**

F I L E D

MAY - 2 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

COPY

1 THOMAS S. BRIGHAM (SBN #44899)
  BROOKE A. BRIGHAM (SBN #191263)
2 441 N. State Street
  Post Office Box 358
3 Ukiah, CA 95482
  Telephone (707) 462-9292
  Facsimile (707) 467-2492
4 Attorneys for Plaintiff

5

6

7

8
                SUPERIOR COURT OF CALIFORNIA
9                  COUNTY OF MENDOCINO
                      Ukiah Branch
10
   KEN KUNZLER,                              )  Unlimited
11                                           )
              Plaintiff,                     )  Case No. SCUK CVPO '07 99 0 81
12                                           )
   vs.                                       )
13                                           )  COMPLAINT FOR DAMAGES
   UNITED AGRI PRODUCTS, INC., and           )
14 DOES 1 through 25, inclusive,             )
                                             )
15            Defendants.                    )

16 Plaintiff alleges:

17

18                    FIRST CAUSE OF ACTION
                          (Negligence)
19
       1. Plaintiff, Ken Kunzler is a resident of Mendocino County, California.

20     2. Plaintiff is one of the owners of the real property described in the attached Exhibit

21 A situated in Mendocino County, California and leases the interests of the other owners for

22 the purpose of growing wine grapes (hereafter "the vineyard").

1
COMPLAINT FOR DAMAGES

1    3. Plaintiff is informed and believes that Defendant United Agri Products, Inc. is a

2    foreign corporation doing business in California.

3    4. Plaintiff does not know the true names of Defendants DOES 1 through 25,

4    inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and

5    believes and on the basis of that information and belief alleges, that each of those

6    Defendants was in some manner legally responsible for the events, and happenings alleged

7    in this complaint and for Plaintiff's damages. The names, capacities and relationships of

8    DOES 1 through 25 will be alleged by amendment to this complaint when they are known.

9    5. Plaintiff is informed and believes, and on the basis of that information and belief

10   alleges, that at all times mentioned in this complaint, Defendants were the agents and

11   employees of their co-Defendants, and in doing the things alleged in this complaint were

12   acting within the course and scope of that agency and employment.

13   6. On or about July 21, 2005, Defendants conducted a promotional barbeque in

14   Ukiah, California to which Ukiah area wine-grape growers were invited. At the barbeque,

15   Defendant raffled-off what purported to be a 5-gallon can of fertilizer (hereafter "the can").

16   Defendants negligently represented that the can contained fertilizer and negligently labeled

17   the can as containing a type of fertilizer which would be suitable for application on

18   Plaintiff's vineyard.

19   7. Plaintiffs applied said fertilizer to the vineyard using uncontaminated application

20   equipment and applying it according to the directions contained on the can and the standards

21   of the wine-grape growers' industry.

22   8. The can in fact contained "Roundup" an herbicide which destroyed approximately

1 | 8 acres of the vineyard.

2 |     9. As a proximate result of Defendants' negligence of the destruction of the 8 acres

3 | of vineyard, Plaintiff has suffered a loss of revenues for the years 2005 through 2009 in the

4 | amount of $194,310.00.

5 |

6 | SECOND CAUSE OF ACTION<br>(Strict Products Liability)

7 |     10. Plaintiff incorporates by reference paragraphs 1-9, inclusive, as if fully set forth.

8 |     11. At all times mentioned in this complaint, the can and its labeling were defective

9 | as to manufacture and warnings, causing the can's contents to be in a defective condition

10 | that made it dangerous and unsafe for its intended uses.

11 |     12. As a direct and proximate result of the dangerous and defective condition of the

12 | can and its contents as described above, Plaintiff sustained the damages described in

13 | paragraph 9.

14 |

15 | THIRD CAUSE OF ACTION<br>(Strict Liability Based Upon Ultrahazardous Activity)

16 |     13. Plaintiff incorporates by reference paragraphs 1-12, inclusive, as if fully set

17 | forth.

18 |     14. Defendants' activities as described above were ultrahazardous.

19 |     15. Plaintiff's vineyard was damaged as a proximate result of Defendants'

20 | untrahazardous activity in the amount set forth in paragraph 9.

21 |     WHEREFORE Plaintiff demands judgment against Defendant as follows:

22 |     1. Payment of all lost profits for the years 2005 through 2009 for the approximately

1    8 acres destroyed by Defendants' product;

2         2.  Interest according to law;

3         3.  Cost of suit; and

4         4.  Such other and further relief as the Court deems proper.

5    Dated: April 20, 2007

6                                            THOMAS S. BRIGHAM
                                             Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

<u>VERIFICATION</u>

2    I am th plaintiff in the above-entitled action. I have read the foregoing and am

3 familiar with the Complaint for Damages and contents thereof, and the same is true of my

4 own knowledge, except as to those statements made upon my information and belief, and as

5 to those statements, I am informed and believe them to be true.

6    I declare under penalty of perjury under the laws of the State of California that the

7 foregoing is true and correct. Executed this 26 day of April 2007, at Ukiah, California.

8

9                                          *Ken Kunzler*

                                         KEN KUNZLER

10

11

12

13

14

15

16

17

18

19

20

21

22

Title No. 86-2381004407-TJ
Locate No. CAFNT0923-0934-0010-0235100407

## LEGAL DESCRIPTION

### EXHIBIT "A"

The land referred to herein is situated in the State of California, County of Mendocino, Unincorporated Area, and is described as follows:

Parcel One:

All the following described real property situated in the County of Mendocino, State of California, which lies East of the Easterly line of the Northwestern Pacific Railroad Right-of-Way.

Beginning on the Westerly line of Lot Thirteen of Healey's Survey and Map of the Yokayo Rancho at the Southwest corner of the land conveyed by E. H. Crawford, et.al. to Huide M. Erickson by Deed dated April 16, 1940 and recorded in Liber 142 of Official Records, at Page 235, Mendocino County Records ; thence S 86°29' E, 819 feet to the Southeast corner of said land; thence N 84°33' E, 725 feet, more or less, to the East line of the right-of-way of the Northwestern Pacific Railroad; thence Northerly along said East line to the North line of said Lot Thirteen; thence S 88-3/4" E, along said North line and the North line of Lot Eleven of Healey's Survey and Map of the Yokayo Rancho to the Easterly line of said Lot Eleven in the center of the channel of the Russian River; thence S 47-1/2" E, along the center of the channel of the Russian River, 31.60 chains to the Southeast corner of said Lot Eleven; thence S 89-1/2" W, along the South line of said Lot Eleven to the Easterly line of the land of John H. Bogner; thence N 8°21' E, 775.20 feet to the Northeast corner of said Bogner land; thence S 85°33' W, 3205.60 feet to the Westerly line of the above mentioned Lot Thirteen; thence Northerly along said Westerly line to the point of beginning.

Excepting therefrom all that portion thereof conveyed to Masonite Corporation by Grant Deed recorded November 22, 1955 in Book 414 of Official Records at Page 368, Mendocino County Records.

Also excepting therefrom, all that portion conveyed to Rita Driwell by Deed recorded May 20, 1985 in Book 1506 of Official Records at Page 416, Mendocino County Records.

Parcel Two:

A non-exclusive easement for ingress, egress and utility purposes over the Northerly 50 feet of the land described in Grant Deed to Mary J. Ashford, as Sole Trustee, et al recorded April 24, 2001 under 2001-7026, Mendocino County Records.

APN: 170-150-09 & 170-160-03

2



CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
THOMAS S. BRIGHAM  (SBN#44899)
BROOKE A. BRIGHAM  (SBN#191263)
441 N. State Street
P.O. Box 358
Ukiah, CA 95482
TELEPHONE NO.: (707) 462-9292    FAX NO.:
ATTORNEY FOR (Name): Plaintiff

**FOR COURT USE ONLY**

COPY
FILED

MAY - 2 2007

CLERK OF MENDOCINO COUNTY,
SUPERIOR COURT OF CALIFORNIA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Mendocino
STREET ADDRESS: Perkins and State Streets
MAILING ADDRESS: 100 North State Street, Room 107
CITY AND ZIP CODE: Ukiah, CA 95482
BRANCH NAME: Ukiah

CASE NAME: KUNZLER v. UNITED AGRI PRODUCTS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  SCUK CVPD | JUDGE: **07 99081** |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 3: Negligence, Strict Products Liab., Strict Liab./Ultrahazardous Activity
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: April 26, 2007

THOMAS S. BRIGHAM  (SBN#44899)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

**EXHIBIT "B"**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AGRI PRODUCTS, INC., and DOES 1 through 25,
inclusive



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**COPY**

**FILED**

MAY - 2 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEN KUNZLER,

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Mendocino County Superior Court<br>Perkins and State Streets<br>100 North State Street, Room 107<br>Ukiah, CA 95482<br>Ukiah | CASE NUMBER:<br>*(Número del Caso)*<br>SCUK CVG '07 99 0 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS S. BRIGHAM (SBN#44899)       (707) 462-9292
BROOKE A. BRIGHAM (SBN#191263)
441 N. State Street
Ukiah, CA 95482

| DATE:<br>*(Fecha)* MAY - 2 2007 | BENJAMIN D. STOUGH Clerk, by<br>*(Secretario)* Megan Ramsel | Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF MENDOCINO

**EXHIBIT "C"**

COPY

FILED

JUN 2 5 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

1  THOMAS S. BRIGHAM (SBN #44899)
   BROOKE A. BRIGHAM (SBN #191263)
2  441 N. State Street
   Post Office Box 358
3  Ukiah, CA 95482
   Telephone (707) 462-9292
   Facsimile (707) 467-2492
4  Attorneys for Plaintiff

5

6                    SUPERIOR COURT OF CALIFORNIA

7                       COUNTY OF MENDOCINO

8                           Ukiah Branch

9  KEN KUNZLER,                        )  Unlimited
                                       )
10              Plaintiff,             )  Case No.  SCUK CVPO 07-99081
                                       )
11  vs.                                )  **FIRST AMENDED COMPLAINT FOR**
                                       )  **DAMAGES**
12  UNITED AGRI PRODUCTS, INC.; UAP    )
    DISTRIBUTION, INC., and DOES 1 through )
13  25, inclusive,                     )
                                       )
14          Defendants.                )

15  Plaintiff alleges:

16

17                      FIRST CAUSE OF ACTION
                            (Negligence)

18      1. Plaintiff, Ken Kunzler is a resident of Mendocino County, California.

19      2. Plaintiff is one of the owners of the real property described in the attached Exhibit

20  A situated in Mendocino County, California and leases the interests of the other owners for

21  the purpose of growing wine grapes (hereafter "the vineyard").

22

---

1
FIRST AMENDED COMPLAINT FOR DAMAGES

3. Plaintiff is informed and believes that Defendant United Agri Products, Inc. is a foreign corporation doing business in California.

4. Plaintiff is informed and believes that Defendant UAP Distribution, Inc. is a foreign corporation doing business in California.

5. Plaintiff does not know the true names of Defendants DOES 1 through 25, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes and on the basis of that information and belief alleges, that each of those Defendants was in some manner legally responsible for the events, and happenings alleged in this complaint and for Plaintiff's damages. The names, capacities and relationships of DOES 1 through 25 will be alleged by amendment to this complaint when they are known.

6. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, Defendants were the agents and employees of their co-Defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

7. On or about July 21, 2005, Defendants conducted a promotional barbeque in Ukiah, California to which Ukiah area wine-grape growers were invited. At the barbeque, Defendants raffled-off what purported to be a 5-gallon can of fertilizer (hereafter "the can"). Defendants negligently represented that the can contained fertilizer and negligently labeled the can as containing a type of fertilizer which would be suitable for application on Plaintiff's vineyard.

1    8. Plaintiffs applied said fertilizer to the vineyard using uncontaminated application

2    equipment and applying it according to the directions contained on the can and the standards

3    of the wine-grape growers' industry.

4    9. The can in fact contained "Roundup" an herbicide which destroyed approximately

5    8 acres of the vineyard.

6    10. As a proximate result of Defendants' negligence of the destruction of the 8 acres

7    of vineyard, Plaintiff has suffered a loss of revenues for the years 2005 through 2009 in the

8    amount of $194,310.00.

9

10             SECOND CAUSE OF ACTION
                 (Strict Products Liability)

11    11. Plaintiff incorporates by reference paragraphs 1-10, inclusive, as if fully set

12    forth.

13    12. At all times mentioned in this complaint, the can and its labeling were defective

14    as to manufacture and warnings, causing the can's contents to be in a defective condition

15    that made it dangerous and unsafe for its intended uses.

16    13. As a direct and proximate result of the dangerous and defective condition of the

17    can and its contents as described above, Plaintiff sustained the damages described in

18    paragraph 10.

19

20             THIRD CAUSE OF ACTION
         (Strict Liability Based Upon Ultrahazardous Activity)

21    14. Plaintiff incorporates by reference paragraphs 1-13, inclusive, as if fully set

22    forth.

15. Defendants' activities as described above were ultrahazardous.

16. Plaintiff's vineyard was damaged as a proximate result of Defendants' ultrahazardous activity in the amount set forth in paragraph 10.

WHEREFORE Plaintiff demands judgment against Defendants as follows:

1. Payment of all lost profits for the years 2005 through 2009 for the approximately 8 acres destroyed by Defendants product;

2. Interest according to law;

3. Cost of suit; and

4. Such other and further relief as the Court deems proper.

Dated: June 22, 2007

THOMAS S. BRIGHAM
Attorney for Plaintiffs

VERIFICATION

I am the Plaintiff in the above-entitled action. I have read the foregoing and am familiar with the First Amended Complaint for Damages and contents thereof, and the same is true of my own knowledge, except as to those statements made upon my information and belief, and as to those statements, I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 15 day of June 2007, at Ukiah, California.

KEN KUNZLER

Title No. 06-235100407-TJ
Locate No. CAFNT0923-0934-0010-0235100407

## LEGAL DESCRIPTION

### EXHIBIT "A"

The land referred to herein is situated in the State of California, County of Mendocino, Unincorporated Area, and is described as follows:

Parcel One:

All the following described real property situated in the County of Mendocino, State of California, which lies East of the Easterly line of the Northwestern Pacific Railroad Right-of-Way.

Beginning on the Westerly line of Lot Thirteen of Healey's Survey and Map of the Yokayo Rancho at the Southwest corner of the land conveyed by E. H. Crawford, et al, to Hulda M. Erickson by Deed dated April 16, 1940 and recorded in Liber 142 of Official Records, at Page 295, Mendocino County Records ; thence S 86°28' E, 819 feet to the Southeast corner of said land; thence N 84°13' E, 725 feet, more or less, to the East line of the right-of-way of the Northwestern Pacific Railroad; thence Northerly along said East line to the North line of said Lot Thirteen; thence S 88-3/4° E, along said North line and the North line of Lot Eleven of Healey's Survey and Map of the Yokayo Rancho to the Easterly line of said Lot Eleven in the center of the channel of the Russian River; thence S 47-1/2° E, along the center of the channel of the Russian River, 31.60 chains to the Southeast corner of said Lot Eleven; thence S 89-1/2° W, along the South line of said Lot Eleven to the Easterly line of the land of John H. Bogner; thence N 8°21' E, 775.20 feet to the Northeast corner of said Bogner land; thence S 89°33' W, 3205.60 feet to the Westerly line of the above mentioned Lot Thirteen; thence Northerly along said Westerly line to the point of beginning.

Excepting therefrom all that portion thereof conveyed to Masonite Corporation by Grant Deed recorded November 22, 1955 in Book 414 of Official Records at Page 368, Mendocino County Records.

Also excepting therefrom, all that portion conveyed to Rita Drivell by Deed recorded May 20, 1985 in Book 1506 of Official Records at Page 416, Mendocino County Records.

Parcel Two:

A non-exclusive easement for ingress, egress and utility purposes over the Northerly 50 feet of the land described in Grant Deed to Mary J. Ashford, as Sole Trustee, et al recorded April 24, 2001 under 2001-7026, Mendocino County Records.

APN: 170-150-09 & 170-160-03.

2

**EXHIBIT "D"**

AMENDED    **SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AGRI PRODUCTS, INC., UAP DISTRIBUTION, INC.,
and DOES 1 through 25, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**COPY**

**FILED**

JUN 2 5 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEN KUNZLER,

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Mendocino County Superior Court<br>Perkins and State Streets<br>100 North State Street, Room 107<br>Ukiah, CA 95482<br>Ukiah | CASE NUMBER:<br>*(Número del Caso):* CV P007 - 99081 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS S. BRIGHAM (SBN #44899)        (707) 462-9292
BROOKE A. BRIGHAM (SBN #191263)
441 N. State Street
Ukiah, CA 95482

BENJAMIN D. STOUGH

DATE:    JUN 2 5 2007              Clerk, by                          , Deputy
*(Fecha)*                          *(Secretario)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT "E"**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MENDOCINO

**COPY**

**F I L E D**

MAY – 2 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

*Kunzler*
_____ Plaintiffs,

vs

*United Agri* _____ et al.,
_____ Defendants.

Case No. *SCUKCVPO 0799081*

**CASE MANAGEMENT
CONFERENCE** 10-05-07

**CASE MANAGEMENT** STMT DUE 9-13-07

## Notice of Delay Reduction Rules and Case Management Conference

1.    **DELAY REDUCTION RULES:**

   The court will make every effort to ensure that this matter is brought to trial or otherwise disposed of within one year. **All parties must comply with Chapter 4 Rules of Court for Mendocino County Superior Court and California Rule of Court 201.7.** The court will strictly monitor compliance and **will impose monetary penalties** and may dismiss a complaint or cross-complaint for repeated failures to comply. Those rules require, among other things, that plaintiff properly serve each defendant within sixty days of the filing of the complaint and file written proof of that serves with the court.

2.    **CASE MANAGEMENT CONFERENCE:**

   A Case Management Conference (CMS) has been scheduled for 10-05-07 at 2:00 P.M. in Department E, Ukiah, Calif. All parties are ordered to prepare and serve a Case Management Statement in full compliance with local court rule 4.5 at least 15 days before the CMC and to attend the CMC. The failure of any party to file a CMS or to attend the CMC may be deemed as a waiver of that party's right to a jury trial and will be deemed as an acceptance of the trial date set by the court at the CMC.

3.    **SERVICE OF THIS NOTICE:**

   Plaintiff is ordered to serve a copy of this Notice on each defendant and to file proof of such service pursuant to local rule 4.4(b). Plaintiff shall serve each newly added defendant within 30 days after filing an amended complaint. Cross-complainant shall serve a copy of this Notice on each new party cross-defendant and proof of service within 30 days of filing a cross-complaint. [Local Rule 4.4(c)]

☐ – Copy given to Cross-complainant

Dated: MAY – 2 2007

*Megan Ramsey*
Deputy Clerk

**EXHIBIT "F"**

**Johnson, Ross W.**

| | |
|---|---|
| **From:** | briglaw@comcast.net |
| **Sent:** | Tuesday, June 12, 2007 1:42 PM |
| **To:** | Johnson, Ross W. |
| **Subject:** | RE: Kunzler v. United Agri Products |

**Attachments:** Kunzler v. UAP Complaint.doc



Kunzler v. UAP
Complaint.doc (...        Mr. Johnson,

Attached hereto is a draft copy of the complaint which has already been filed in this
matter.  We intend to file an amended complaint to add UAP Distribution Inc, the
California corporation, as a defendant.

I will call or e-mail you later in the week after you have a chance to review this.  Thank
you.

Brooke Brigham

--
Brooke Brigham
Attorney at Law

Thomas S. Brigham
Brooke A. Brigham
441 North State Street
Ukiah, CA 95482
(707) 462-9292
fax (707) 467-2492

--------------- Original message -----------------------
From: "Johnson, Ross W." <RWJohnson@faegre.com>
> Per the voice mail I left at your office, can you forward me a copy of
> the Complaint?  You can reach me this week on my mobile, as I am in
> Illinois all week..  515-778-0743.
>
> Ross Johnson
>
> -----Original Message-----
> From: briglaw@comcast.net [mailto:briglaw@comcast.net]
> Sent: Tuesday, June 05, 2007 1:51 PM
> To: Johnson, Ross W.
> Subject: Kunzler v. United Agri Products
>
> Mr. Johnson,
>
> As I mentioned in my message earlier today, Tom Brigham is in trial
> and asked me to contact you regarding this matter.  We filed a
> complaint on behalf of our client Ken Kunzler against United Agri Products, Inc.
> because they are the company who put on this promotional BBQ in Ukiah
> in July of 2005 and raffled off a 5 gallon can of what was purported
> to be fertilizer.  Our client "won" this in the raffle and used it on
> his vineyard.  The can in fact contained "Roundup" and not fertilizer
> and destroyed several acres of vineyards.
>
> United Agri Products appears to be the responsible entity.  If you
> have some different information please share that with us.  As far as
> arranging for service, from our research UAP Distribution Inc is

1

> registerd with the California Secretary of State, the address matches
> the Colorado headquarters address for United Agri Products Inc and
> Delaware Corp information.  Is this the same company? Will you accept
> service.
>
> Look forward to hearing from you.  I am working at home today and can
> be reached at ████-███-████.  Thank you.
>
> Brooke Brigham
>
> --
> Brooke Brigham
> Attorney at Law
>
> Thomas S. Brigham
> Brooke A. Brigham
> 441 North State Street
> Ukiah, CA 95482
> (707) 462-9292
> fax (707) 467-2492
>
>



THOMAS S. BRIGHAM (SBN #44899)
BROOKE A. BRIGHAM (SBN #191263)
441 N. State Street
Post Office Box 358
Ukiah, CA 95482
Telephone (707) 462-9292
Facsimile (707) 467-2492

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MENDOCINO
Ukiah Branch

| | |
|---|---|
| KEN KUNZLER, | Unlimited |
| Plaintiff, | Case No. |
| vs. | COMPLAINT FOR DAMAGES |
| UNITED AGRI PRODUCTS, INC., and DOES 1 through 25, inclusive, | |
| Defendants. | |

Plaintiff alleges:

FIRST CAUSE OF ACTION
(Negligence)

1. Plaintiff, Ken Kunzler is a resident of Mendocino County, California.

2. Plaintiff is one of the owners of the real property described in the attached Exhibit A situated in Mendocino County, California and leases the interests of the other owners for the purpose of growing wine grapes (hereafter "the vineyard").

1
COMPLAINT FOR DAMAGES

1     3. Plaintiff is informed and believes that Defendant United Agri Products, Inc. is a

2  foreign corporation doing business in California.

3     4. Plaintiff does not know the true names of Defendants DOES 1 through 25,

4  inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and

5  believes and on the basis of that information and belief alleges, that each of those

6  Defendants was in some manner legally responsible for the events, and happenings alleged

7  in this complaint and for Plaintiff's damages. The names, capacities and relationships of

8  DOES 1 through 25 will be alleged by amendment to this complaint when they are known.

9     5. Plaintiff is informed and believes, and on the basis of that information and belief

10  alleges, that at all times mentioned in this complaint, Defendants were the agents and

11  employees of their co-Defendants, and in doing the things alleged in this complaint were

12  acting within the course and scope of that agency and employment.

13     6. On or about July 21, 2005, Defendants conducted a promotional barbeque in

14  Ukiah, California to which Ukiah area wine-grape growers were invited. At the barbeque,

15  Defendant raffled-off what purported to be a 5-gallon can of fertilizer (hereafter "the can").

16  Defendants negligently represented that the can contained fertilizer and negligently labeled

17  the can as containing a type of fertilizer which would be suitable for application on

18  Plaintiff's vineyard.

19     7. Plaintiffs applied said fertilizer to the vineyard using uncontaminated application

20  equipment and applying it according to the directions contained on the can and the standards

21  of the wine-grape growers' industry.

22     8. The can in fact contained "Roundup" an herbicide which destroyed approximately

1  | 8 acres of the vineyard.

2  |    9. As a proximate result of Defendants' negligence of the destruction of the 8 acres

3  | of vineyard, Plaintiff has suffered a loss of revenues for the years 2005 through 2009 in the

4  | amount of $194,310.00.

5  |

6  |                    SECOND CAUSE OF ACTION
   |                      (Strict Products Liability)

7  |    10. Plaintiff incorporates by reference paragraphs 1-9, inclusive, as if fully set forth.

8  |    11. At all times mentioned in this complaint, the can and its labeling were defective

9  | as to manufacture and warnings, causing the can's contents to be in a defective condition

10 | that made it dangerous and unsafe for its intended uses.

11 |    12. As a direct and proximate result of the dangerous and defective condition of the

12 | can and its contents as described above, Plaintiff sustained the damages described in

13 | paragraph 9.

14 |

15 |                    THIRD CAUSE OF ACTION
   |            (Strict Liability Based Upon Ultrahazardous Activity)

16 |    13. Plaintiff incorporates by reference paragraphs 1-12, inclusive, as if fully set

17 | forth.

18 |    14. Defendants' activities as described above were ultrahazardous.

19 |    15. Plaintiff's vineyard was damaged as a proximate result of Defendants'

20 | untrahazardous activity in the amount set forth in paragraph 9.

21 |    WHEREFORE Plaintiff demands judgment against Defendant as follows:

22 |    1. Payment of all lost profits for the years 2005 through 2009 for the approximately

1    8 acres destroyed by Defendants product;

2      2. Interest according to law;

3      3. Cost of suit; and

4      4. Such other and further relief as the Court deems proper.

5

6    Dated: April __, 2007

                              _____

                              THOMAS S. BRIGHAM
                              Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1                                          VERIFICATION

2            I am th plaintiff in the above-entitled action.  I have read the foregoing and am

3    familiar with the Complaint for Damages and contents thereof, and the same is true of my

4    own knowledge, except as to those statements made upon my information and belief, and as

5    to those statements, I am informed and believe them to be true.

6            I declare under penalty of perjury under the laws of the State of California that the

7    foregoing is true and correct.  Executed this ___ day of April 2007, at Ukiah, California.

8

9                                                        _____

10                                                     KEN KUNZLER

11

12

13

14

15

16

17

18

19

20

21

22