1
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Shawn A. Toliver, SB# 148349
2
Marisa M. Yee, SB# 226729
One Sansome Street, Suite 1400
3
San Francisco, CA 94104
Tel:    (415) 362-2580
4
Fax:    (415) 434-0882

5
Attorneys for Defendants UNITED AGRI PRODUCTS, INC., and UAP DISTRIBUTION, INC.

6

7

8

9
### IN THE UNITED STATES DISTRICT COURT

10
### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  KEN KUNZLER | CASE NO. C 07-03555 EMC |
| 13         Plaintiff, | **FIRST AMENDED DECLARATION OF MARISA M. YEE IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441, 1332 (DIVERSITY OF CITIZENSHIP)** |
| 14    v. | |
| 15  UNITED AGRI PRODUCTS, INC., UAP DISTRIBUTION, INC., and DOES 1 through 25, inclusive, | |
| 16 | Complaint Filed: May 2, 2007 Trial Date: None Set |
| 17         Defendants. | |

18
        I, Marisa M. Yee, declare:

19
        1.      I am an attorney duly licensed to practice in all of the courts of the State of

20
California and am an associate of Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for

21
Defendants United Agri Products, Inc., and UAP Distribution, Inc., herein. The facts set forth

22
herein are of my own personal knowledge and if sworn I could and would testify competently

23
thereto.

24
        2.      United Agri Products, Inc. is a U.S. corporation, incorporated in the State of

25
Delaware.

26
        3.      United Agri Products, Inc.'s principal place of business is in the State of Colorado.

27
        4.      UAP Distribution, Inc. is a U.S. corporation, incorporated in the State of Delaware.

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME ST., SUITE 1400
SAN FRANCISCO, CA 94104-4431
TEL: 415.362.2580

5.    UAP Distribution, Inc.'s principal place of business is in the State of Colorado.

6.    A true and correct copy of the Complaint for Damages is attached hereto as Exhibit "A."

7.    A true and correct copy of the first Summons is attached hereto as Exhibit "B."

8.    A true and correct copy of the First Amended Complaint for Damages, which was served on Defendant UAP Distribution, Inc. on June 29, 2007, is attached hereto as Exhibit "C."

9.    A true and correct copy of the second Summons, which was served on Defendant UAP Distribution, Inc. on June 29, 2007, is attached hereto as Exhibit "D."

10.    A true and correct copy of the Notice of Delay Reduction Rules and Case Management Conference is attached hereto as Exhibit "E."

11.    A true and correct copy of an electronic mail message received from counsel for Plaintiff Ken Kunzler, along with the attachment to the electronic mail message, is attached hereto as Exhibit "F."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 11, 2007            LEWIS BRISBOIS BISGAARD & SMITH, LLP

                                                    By:    _____
                                                            Marisa M. Yee
                                                            Attorney for Defendants United Agri Products, Inc.
                                                            and UAP Distribution, Inc.

4846-3555-5329.1

**FIRST AMENDED NOTICE OF REMOVAL OF ACTION**

**EXHIBIT "A"**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
THOMAS S. BRIGHAM (SBN#44899)
BROOKE A. BRIGHAM (SBN#191263)
441 N. State Street
P.O. Box 358
Ukiah, CA 95482
TELEPHONE NO.: (707) 462-9292    FAX NO.:
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Mendocino
STREET ADDRESS: Perkins and State Streets
MAILING ADDRESS: 100 North State Street, Room 107
CITY AND ZIP CODE: Ukiah, CA 95482
BRANCH NAME: Ukiah

**COPY FILED**

MAY - 2 2007

CLERK OF MENDOCINO COUNTY,
SUPERIOR COURT OF CALIFORNIA

CASE NAME:    KUNZLER v. UNITED AGRI PRODUCTS, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder SCUK CVPO 0799081 | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 3: Negligence, Strict Products Liab., Strict Liab./Ultrahazardous Activity
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: April 26, 2007

THOMAS S. BRIGHAM (SBN#44899)
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

THOMAS S. BRIGHAM (SBN #44899)
BROOKE A. BRIGHAM (SBN #191263)
441 N. State Street
Post Office Box 358
Ukiah, CA 95482
Telephone (707) 462-9292
Facsimile (707) 467-2492

Attorneys for Plaintiff

**FILED**

MAY - 2 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

**COPY**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MENDOCINO
Ukiah Branch

KEN KUNZLER,

        Plaintiff,

vs.

UNITED AGRI PRODUCTS, INC., and
DOES 1 through 25, inclusive,

        Defendants.

) Unlimited
)
) Case No. SCUK CVPO '07 99 0 81
)
)
) COMPLAINT FOR DAMAGES
)
)
)
)
)
)

Plaintiff alleges:

## FIRST CAUSE OF ACTION
### (Negligence)

1. Plaintiff, Ken Kunzler is a resident of Mendocino County, California.

2. Plaintiff is one of the owners of the real property described in the attached Exhibit A situated in Mendocino County, California and leases the interests of the other owners for the purpose of growing wine grapes (hereafter "the vineyard").

1    3.  Plaintiff is informed and believes that Defendant United Agri Products, Inc. is a

2   foreign corporation doing business in California.

3    4. Plaintiff does not know the true names of Defendants DOES 1 through 25,

4   inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and

5   believes and on the basis of that information and belief alleges, that each of those

6   Defendants was in some manner legally responsible for the events, and happenings alleged

7   in this complaint and for Plaintiff's damages.  The names, capacities and relationships of

8   DOES 1 through 25 will be alleged by amendment to this complaint when they are known.

9    5.  Plaintiff is informed and believes, and on the basis of that information and belief

10  alleges, that at all times mentioned in this complaint, Defendants were the agents and

11  employees of their co-Defendants, and in doing the things alleged in this complaint were

12  acting within the course and scope of that agency and employment.

13   6.  On or about July 21, 2005, Defendants conducted a promotional barbeque in

14  Ukiah, California to which Ukiah area wine-grape growers were invited.  At the barbeque,

15  Defendant raffled-off what purported to be a 5-gallon can of fertilizer (hereafter "the can").

16  Defendants negligently represented that the can contained fertilizer and negligently labeled

17  the can as containing a type of fertilizer which would be suitable for application on

18  Plaintiff's vineyard.

19   7.  Plaintiffs applied said fertilizer to the vineyard using uncontaminated application

20  equipment and applying it according to the directions contained on the can and the standards

21  of the wine-grape growers' industry.

22   8.  The can in fact contained "Roundup" an herbicide which destroyed approximately

1    8 acres of the vineyard.

2      9.  As a proximate result of Defendants' negligence of the destruction of the 8 acres

3    of vineyard, Plaintiff has suffered a loss of revenues for the years 2005 through 2009 in the

4    amount of $194,310.00.

5

6                           **SECOND CAUSE OF ACTION**
                            (Strict Products Liability)

7      10.  Plaintiff incorporates by reference paragraphs 1-9, inclusive, as if fully set forth.

8      11.  At all times mentioned in this complaint, the can and its labeling were defective

9    as to manufacture and warnings, causing the can's contents to be in a defective condition

10    that made it dangerous and unsafe for its intended uses.

11      12.  As a direct and proximate result of the dangerous and defective condition of the

12    can and its contents as described above, Plaintiff sustained the damages described in

13    paragraph 9.

14

15                             **THIRD CAUSE OF ACTION**
           (Strict Liability Based Upon Ultrahazardous Activity)

16      13.  Plaintiff incorporates by reference paragraphs 1-12, inclusive, as if fully set

17    forth.

18      14.  Defendants' activities as described above were ultrahazardous.

19      15.  Plaintiff's vineyard was damaged as a proximate result of Defendants'

20    untrahazardous activity in the amount set forth in paragraph 9.

21      WHEREFORE Plaintiff demands judgment against Defendant as follows:

22      1.  Payment of all lost profits for the years 2005 through 2009 for the approximately

1   | 8 acres destroyed by Defendants' product;

2   |    2.  Interest according to law;

3   |    3.  Cost of suit; and

4   |    4.  Such other and further relief as the Court deems proper.

5   |

    Dated: April 20, 2007

6   |                                    THOMAS S. BRIGHAM

7   |                                    Attorney for Plaintiffs

<u>VERIFICATION</u>

I am th plaintiff in the above-entitled action.  I have read the foregoing and am familiar with the Complaint for Damages and contents thereof, and the same is true of my own knowledge, except as to those statements made upon my information and belief, and as to those statements, I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 26 day of April 2007, at Ukiah, California.

KEN KUNZLER

Title No. 06-23521004Z7-TJ
Locate No. CAFNT0923-0934-0010-0235200407

**LEGAL DESCRIPTION**

**EXHIBIT "A"**

The land referred to herein is situated in the State of California, County of Mendocino, Unincorporated Area, and is described as follows:

Parcel One:

All the following described real property situated in the County of Mendocino, State of California, which lies East of the Easterly line of the Northwestern Pacific Railroad Right-of-Way.

Beginning on the Westerly line of Lot Thirteen of Healey's Survey and Map of the Yokayo Rancho at the Southwest corner of the land conveyed by E. H. Crawford, et al, to Hulda M. Erickson by Deed dated April 16, 1940 and recorded in Liber 142 of Official Records, at Page 295, Mendocino County Records ; thence S 86°28' E, 819 feet to the Southeast corner of said land; thence N 84°19' E, 725 feet, more or less, to the East line of the right-of-way of the Northwestern Pacific Railroad; thence Northerly along said East line to the North line of said Lot Thirteen; thence S 89-3/4° E, along said North line and the North line of Lot Eleven of Healey's Survey and Map of the Yokayo Rancho to the Easterly line of said Lot Eleven in the center of the channel of the Russian River; thence S 47-1/2° E, along the center of the channel of the Russian River, 31.60 chains to the Southeast corner of said Lot Eleven; thence S 89-1/2° W, along the South line of said Lot Eleven to the Easterly line of the land of John H. Bogner; thence N 8°21' E, 775.20 feet to the Northeast corner of said Bogner land; thence S 89°33' W, 3205.60 feet to the Westerly line of the above mentioned Lot Thirteen; thence Northerly along said Westerly line to the point of beginning.

Excepting therefrom all that portion thereof conveyed to Masonite Corporation by Grant Deed recorded November 22, 1955 in Book 414 of Official Records at Page 368, Mendocino County Records.

Also excepting therefrom, all that portion conveyed to Ritz Driwell by Deed recorded May 20, 1985 in Book 1506 of Official Records at Page 416, Mendocino County Records.

Parcel Two:

A non-exclusive easement for ingress, egress and utility purposes over the Northerly 50 feet of the land described in Grant Deed to Mary J. Ashford, as Sole Trustee, et al recorded April 24, 2001 under 2001-7026, Mendocino County Records.

APN: 170-150-09 & 170-160-03

2

CLTA Preliminary Report Form (11/17/04)

**EXHIBIT "B"**



# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AGRI PRODUCTS, INC., and DOES 1 through 25,
inclusive



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

COPY

FILED

MAY - 2 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEN KUNZLER,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Mendocino County Superior Court<br>Perkins and State Streets<br>100 North State Street, Room 107<br>Ukiah, CA 95482<br>UKiah | CASE NUMBER:<br>*(Número del Caso):*<br>SCUK CVPO '07 9908 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS S. BRIGHAM (SBN#44899)                    (707) 462-9292
BROOKE A. BRIGHAM (SBN#191263)
441 N. State Street
Ukiah, CA 95482

DATE:  MAY - 2 2007          BENJAMIN D. STOUGH     Clerk, by  Megan Ramsey    , Deputy
*(Fecha)*                                  *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT "C"**

1 THOMAS S. BRIGHAM (SBN #44899)
BROOKE A. BRIGHAM (SBN #191263)
2 441 N. State Street
Post Office Box 358
Ukiah, CA 95482
3 Telephone (707) 462-9292
Facsimile (707) 467-2492

4 Attorneys for Plaintiff

**COPY**

**FILED**

**JUN 2 5 2007**

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

5

6 SUPERIOR COURT OF CALIFORNIA

COUNTY OF MENDOCINO
7

8 Ukiah Branch

9 KEN KUNZLER,                                    ) Unlimited
                                                  )
10             Plaintiff,                          ) Case No. SCUK CVPO 07-99081
                                                  )
11 vs.                                             ) **FIRST AMENDED COMPLAINT FOR**
                                                  ) **DAMAGES**
12 UNITED AGRI PRODUCTS, INC., UAP                 )
DISTRIBUTION, INC., and DOES 1 through            )
13 25, inclusive,                                  )
                                                  )
14             Defendants.                         )

15 Plaintiff alleges:

16

17 FIRST CAUSE OF ACTION
(Negligence)

18     1. Plaintiff, Ken Kunzler is a resident of Mendocino County, California.

19     2. Plaintiff is one of the owners of the real property described in the attached Exhibit

20 A situated in Mendocino County, California and leases the interests of the other owners for

21 the purpose of growing wine grapes (hereafter "the vineyard").

22

1      3. Plaintiff is informed and believes that Defendant United Agri Products, Inc. is a

2  foreign corporation doing business in California.

3      4. Plaintiff is informed and believes that Defendant UAP Distribution, Inc. is a

4  foreign corporation doing business in California.

5      5. Plaintiff does not know the true names of Defendants DOES 1 through 25,

6  inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and

7  believes and on the basis of that information and belief alleges, that each of those

8  Defendants was in some manner legally responsible for the events, and happenings alleged

9  in this complaint and for Plaintiff's damages.  The names, capacities and relationships of

10  DOES 1 through 25 will be alleged by amendment to this complaint when they are known.

11      6. Plaintiff is informed and believes, and on the basis of that information and belief

12  alleges, that at all times mentioned in this complaint, Defendants were the agents and

13  employees of their co-Defendants, and in doing the things alleged in this complaint were

14  acting within the course and scope of that agency and employment.

15      7. On or about July 21, 2005, Defendants conducted a promotional barbeque in

16  Ukiah, California to which Ukiah area wine-grape growers were invited.  At the barbeque,

17  Defendants raffled-off what purported to be a 5-gallon can of fertilizer (hereafter "the can").

18  Defendants negligently represented that the can contained fertilizer and negligently labeled

19  the can as containing a type of fertilizer which would be suitable for application on

20  Plaintiff's vineyard.

21

22

8.  Plaintiffs applied said fertilizer to the vineyard using uncontaminated application equipment and applying it according to the directions contained on the can and the standards of the wine-grape growers' industry.

9.  The can in fact contained "Roundup" an herbicide which destroyed approximately 8 acres of the vineyard.

10.  As a proximate result of Defendants' negligence of the destruction of the 8 acres of vineyard, Plaintiff has suffered a loss of revenues for the years 2005 through 2009 in the amount of $194,310.00.

SECOND CAUSE OF ACTION
(Strict Products Liability)

11.  Plaintiff incorporates by reference paragraphs 1-10, inclusive, as if fully set forth.

12.  At all times mentioned in this complaint, the can and its labeling were defective as to manufacture and warnings, causing the can's contents to be in a defective condition that made it dangerous and unsafe for its intended uses.

13.  As a direct and proximate result of the dangerous and defective condition of the can and its contents as described above, Plaintiff sustained the damages described in paragraph 10.

THIRD CAUSE OF ACTION
(Strict Liability Based Upon Ultrahazardous Activity)

14.  Plaintiff incorporates by reference paragraphs 1-13, inclusive, as if fully set forth.

1    15. Defendants' activities as described above were ultrahazardous.

2    16. Plaintiff's vineyard was damaged as a proximate result of Defendants'

3    ultrahazardous activity in the amount set forth in paragraph 10.

4    WHEREFORE Plaintiff demands judgment against Defendants as follows:

5    1. Payment of all lost profits for the years 2005 through 2009 for the approximately

6    8 acres destroyed by Defendants product;

7    2. Interest according to law;

8    3. Cost of suit; and

9    4. Such other and further relief as the Court deems proper.

10   Dated: June 22, 2007

11                                                    THOMAS S. BRIGHAM
                                                      Attorney for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

1

<u>VERIFICATION</u>

2    I am the Plaintiff in the above-entitled action. I have read the foregoing and am

3    familiar with the First Amended Complaint for Damages and contents thereof, and the same

4    is true of my own knowledge, except as to those statements made upon my information and

5    belief, and as to those statements, I am informed and believe them to be true.

6    I declare under penalty of perjury under the laws of the State of California that the

7    foregoing is true and correct. Executed this 25 day of June 2007, at Ukiah, California.

8

9    KEN KUNZLER

10

11

12

13

14

15

16

17

18

19

20

21

22

Title No. 06-235100407-TJ
Locate No. CAFNT0923-0934-0010-0235100407

## LEGAL DESCRIPTION

### EXHIBIT "A"

The land referred to herein is situated in the State of California, County of Mendocino, Unincorporated Area, and is described as follows:

Parcel One:

All the following described real property situated in the County of Mendocino, State of California, which lies East of the Easterly line of the Northwestern Pacific Railroad Right-of-Way.

Beginning on the Westerly line of Lot Thirteen of Healey's Survey and Map of the Yokayo Rancho at the Southwest corner of the land conveyed by E. H. Crawford, et al, to Hulda M. Erickson by Deed dated April 16, 1940 and recorded in Liber 142 of Official Records, at Page 255, Mendocino County Records ; thence S 86°28' E, 819 feet to the Southeast corner of said land; thence N 84°13' E, 725 feet, more or less, to the East line of the right-of-way of the Northwestern Pacific Railroad; thence Northerly along said East line to the North line of said Lot Thirteen; thence S 88-3/4° E, along said North line and the North line of Lot Eleven of Healey's Survey and Map of the Yokayo Rancho to the Easterly line of said Lot Eleven in the center of the channel of the Russian River; thence S 47-1/2° E, along the center of the channel of the Russian River, 31.60 chains to the Southeast corner of said Lot Eleven; thence S 89-1/2° W, along the South line of said Lot Eleven to the Easterly line of the land of John H. Bogner; thence N 8°21' E, 775.20 feet to the Northeast corner of said Bogner land; thence S 89°33' W, 3205.60 feet to the Westerly line of the above mentioned Lot Thirteen; thence Northerly along said Westerly line to the point of beginning.

Excepting therefrom all that portion thereof conveyed to Masonite Corporation by Grant Deed recorded November 22, 1955 in Book 414 of Official Records at Page 368, Mendocino County Records.

Also excepting therefrom, all that portion conveyed to Rita Drivell by Deed recorded May 20, 1985 in Book 1506 of Official Records at Page 416, Mendocino County Records.

Parcel Two:

A non-exclusive easement for ingress, egress and utility purposes over the Northerly 50 feet of the land described in Grant Deed to Mary J. Ashford, as Sole Trustee, et al recorded April 24, 2001 under 2001-7026, Mendocino County Records.

APN: 170-150-09 & 170-160-03.

2

Por. of Lot 13 of Yokayo Rancho

"Track Shop Parcel" excluded from lease.

**EXHIBIT "D"**

AMENDED    SUMMONS                                                    SUM-100
        (CITACION JUDICIAL)

NOTICE TO DEFENDANT:                              FOR COURT USE ONLY
(AVISO AL DEMANDADO):                          (SOLO PARA USO DE LA CORTE)
UNITED AGRI PRODUCTS, INC., UAP DISTRIBUTION, INC.,
and DOES 1 through 25, inclusive

                                                     COPY

                                                    FILED

                                                   JUN 2 5 2007

                                               CLERK OF MENDOCINO COUNTY
YOU ARE BEING SUED BY PLAINTIFF:               SUPERIOR COURT OF CALIFORNIA
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
KEN KUNZLER,

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted
pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no
puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:                              CASE NUMBER:
(El nombre y dirección de la corte es):                            (Número del Caso):  CV P007- 99081
Mendocino County Superior Court
Perkins and State Streets
100 North State Street, Room 107
Ukiah, CA 95482
Ukiah
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THOMAS S. BRIGHAM (SBN#44899)                    (707) 462-9292
BROOKE A. BRIGHAM (SBN#191263)
441 N. State Street                        BENJAMIN D. STOUGH
Ukiah, CA 95482
DATE:        JUN 2 5 2007                Clerk, by _____, Deputy
(Fecha)                                 (Secretario)                (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).
                          NOTICE TO THE PERSON SERVED: You are served
                          1. [ ] as an individual defendant.
                          2. [ ] as the person sued under the fictitious name of (specify):

                          3. [ ] on behalf of (specify):

                             under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
                                    [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
                                    [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
                                    [ ] other (specify):
                          4. [ ] by personal delivery on (date):                    Page 1 of 1

Form Adopted for Mandatory Use                                    Code of Civil Procedure §§ 412.20, 465
Judicial Council of California        SUMMONS          Legal
SUM-100 [Rev. January 1, 2004]                      Solutions
                                                      Plus

**EXHIBIT "E"**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MENDOCINO**

# FILED

# COPY

MAY - 2 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

*Kunzler*
                    Plaintiffs,

vs

*United Agri*          et al.,
                    Defendants.

Case No. SCUKCVPD 0799081

**CASE MANAGEMENT**
**CONFERENCE** 10-05-07

**CASE MANAGEMENT STMT** DUE 9-13-07

## Notice of Delay Reduction Rules and Case Management Conference

**1.     DELAY REDUCTION RULES:**

The court will make every effort to ensure that this matter is brought to trial or otherwise disposed of within one year. **All parties must comply with Chapter 4 Rules of Court for Mendocino County Superior Court and California Rule of Court 201.7. The court will strictly monitor compliance and will impose monetary penalties** and may dismiss a complaint or cross-complaint for repeated failures to comply. Those rules require, among other thins, that plaintiff properly serve each defendant within sixty days of the filing of the complaint and file written proof of that serves with the court.

**2.     CASE MANAGEMENT CONFERENCE:**

A Case Management Conference (CMS) has been scheduled for 10-05-07 at 2:00 P.M. in Department E, Ukiah, Calif. **All parties are ordered to prepare and serve a Case Management Statement in full compliance with local court rule 4.5 at least 15 days before the CMC and to attend the CMC.** The failure of any party to file a CMS or to attend the CMC may be deemed as a waiver of that party's right to a jury trial and will be deemed as an acceptance of the trial date set by the court at the CMC.

**3.     SERVICE OF THIS NOTICE:**

Plaintiff is ordered to serve a copy of this Notice on each defendant and to file proof of such service pursuant to local rule 4.4(b). Plaintiff shall serve each newly added defendant within 30 days after filing an amended complaint. Cross-complainant shall serve a copy of this Notice on each new party cross-defendant and proof of service within 30 days of filing a cross-complaint. [Local Rule 4.4(c)]

☐ — Copy given to Cross-complainant

Dated: MAY - 2 2007

*Megan Ramsey*
                    **Deputy Clerk**

**EXHIBIT "F"**

**Johnson, Ross W.**

| | |
|---|---|
| **From:** | briglaw@comcast.net |
| **Sent:** | Tuesday, June 12, 2007 1:42 PM |
| **To:** | Johnson, Ross W. |
| **Subject:** | RE: Kunzler v. United Agri Products |

**Attachments:**    Kunzler v. UAP Complaint.doc



Kunzler v. UAP
Complaint.doc (...    Mr. Johnson,

Attached hereto is a draft copy of the complaint which has already been filed in this
matter. We intend to file an amended complaint to add UAP Distribution Inc, the
California corporation, as a defendant.

I will call or e-mail you later in the week after you have a chance to review this. Thank
you.

Brooke Brigham

--
Brooke Brigham
Attorney at Law

Thomas S. Brigham
Brooke A. Brigham
441 North State Street
Ukiah, CA 95482
(707) 462-9292
fax (707) 467-2492

------------- Original message -----------------------
From: "Johnson, Ross W." <RWJohnson@faegre.com>
> Per the voice mail I left at your office, can you forward me a copy of
> the Complaint? You can reach me this week on my mobile, as I am in
> Illinois all week.. 515-778-0743.
>
> Ross Johnson
>
> -----Original Message-----
> From: briglaw@comcast.net [mailto:briglaw@comcast.net]
> Sent: Tuesday, June 05, 2007 1:51 PM
> To: Johnson, Ross W.
> Subject: Kunzler v. United Agri Products
>
> Mr. Johnson,
>
> As I mentioned in my message earlier today, Tom Brigham is in trial
> and asked me to contact you regarding this matter. We filed a
> complaint on behalf of our client Ken Kunzler against United Agri Products, Inc.
> because they are the company who put on this promotional BBQ in Ukiah
> in July of 2005 and raffled off a 5 gallon can of what was purported
> to be fertilizer. Our client "won" this in the raffle and used it on
> his vineyard. The can in fact contained "Roundup" and not fertilizer
> and destroyed several acres of vineyards.
>
> United Agri Products appears to be the responsible entity. If you
> have some different information please share that with us. As far as
> arranging for service, from our research UAP DIstribution Inc is

```
> registerd with the California Secretary of State, the address matches
> the Colorado headquarters address for United Agri Products Inc and
> Delaware Corp information.  Is this the same company?  Will you accept
> service.
>
> Look forward to hearing from you.  I am working at home today and can
> be reached at ███████████.  Thank you.
>
> Brooke Brigham
>
> --
> Brooke Brigham
> Attorney at Law
>
> Thomas S. Brigham
> Brooke A. Brigham
> 441 North State Street
> Ukiah, CA 95482
> (707) 462-9292
> fax (707) 467-2492
>
>
```

2

1 | THOMAS S. BRIGHAM (SBN #44899)
BROOKE A. BRIGHAM (SBN #191263)
2 | 441 N. State Street
Post Office Box 358
Ukiah, CA 95482
3 | Telephone (707) 462-9292
Facsimile (707) 467-2492

4 | Attorneys for Plaintiff

5

6

7

8 |                    SUPERIOR COURT OF CALIFORNIA
9 |                        COUNTY OF MENDOCINO
                              Ukiah Branch

10 | KEN KUNZLER,                          )  Unlimited
                                          )
11 |          Plaintiff,                   )  Case No.
                                          )
12 | vs.                                   )  COMPLAINT FOR DAMAGES
                                          )
13 | UNITED AGRI PRODUCTS, INC., and       )
     DOES 1 through 25, inclusive,         )
14 |                                       )
                                          )
15 |          Defendants.                  )

16 | Plaintiff alleges:

17

18 |                         FIRST CAUSE OF ACTION
                                 (Negligence)

19 |      1. Plaintiff, Ken Kunzler is a resident of Mendocino County, California.

20 |      2. Plaintiff is one of the owners of the real property described in the attached Exhibit

21 | A situated in Mendocino County, California and leases the interests of the other owners for

22 | the purpose of growing wine grapes (hereafter "the vineyard").

1       3. Plaintiff is informed and believes that Defendant United Agri Products, Inc. is a

2   foreign corporation doing business in California.

3       4. Plaintiff does not know the true names of Defendants DOES 1 through 25,

4   inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and

5   believes and on the basis of that information and belief alleges, that each of those

6   Defendants was in some manner legally responsible for the events, and happenings alleged

7   in this complaint and for Plaintiff's damages. The names, capacities and relationships of

8   DOES 1 through 25 will be alleged by amendment to this complaint when they are known.

9       5. Plaintiff is informed and believes, and on the basis of that information and belief

10  alleges, that at all times mentioned in this complaint, Defendants were the agents and

11  employees of their co-Defendants, and in doing the things alleged in this complaint were

12  acting within the course and scope of that agency and employment.

13      6. On or about July 21, 2005, Defendants conducted a promotional barbeque in

14  Ukiah, California to which Ukiah area wine-grape growers were invited. At the barbeque,

15  Defendant raffled-off what purported to be a 5-gallon can of fertilizer (hereafter "the can").

16  Defendants negligently represented that the can contained fertilizer and negligently labeled

17  the can as containing a type of fertilizer which would be suitable for application on

18  Plaintiff's vineyard.

19      7. Plaintiffs applied said fertilizer to the vineyard using uncontaminated application

20  equipment and applying it according to the directions contained on the can and the standards

21  of the wine-grape growers' industry.

22      8. The can in fact contained "Roundup" an herbicide which destroyed approximately

2
COMPLAINT FOR DAMAGES

1   8 acres of the vineyard.

2       9.  As a proximate result of Defendants' negligence of the destruction of the 8 acres

3   of vineyard, Plaintiff has suffered a loss of revenues for the years 2005 through 2009 in the

4   amount of $194,310.00.

5

6                                SECOND CAUSE OF ACTION
                                  (Strict Products Liability)

7       10.  Plaintiff incorporates by reference paragraphs 1-9, inclusive, as if fully set forth.

8       11.  At all times mentioned in this complaint, the can and its labeling were defective

9   as to manufacture and warnings, causing the can's contents to be in a defective condition

10  that made it dangerous and unsafe for its intended uses.

11      12.  As a direct and proximate result of the dangerous and defective condition of the

12  can and its contents as described above, Plaintiff sustained the damages described in

13  paragraph 9.

14

15                               THIRD CAUSE OF ACTION
                          (Strict Liability Based Upon Ultrahazardous Activity)

16      13.  Plaintiff incorporates by reference paragraphs 1-12, inclusive, as if fully set

17  forth.

18      14.  Defendants' activities as described above were ultrahazardous.

19      15.  Plaintiff's vineyard was damaged as a proximate result of Defendants'

20  untrahazardous activity in the amount set forth in paragraph 9.

21      WHEREFORE Plaintiff demands judgment against Defendant as follows:

22      1.  Payment of all lost profits for the years 2005 through 2009 for the approximately

---

                                          3
                                 COMPLAINT FOR DAMAGES

1  8 acres destroyed by Defendants product;

2          2. Interest according to law;

3          3. Cost of suit; and

4          4. Such other and further relief as the Court deems proper.

5
   Dated: April ___, 2007
6                                              _____

                                               THOMAS S. BRIGHAM
7                                              Attorney for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

4
COMPLAINT FOR DAMAGES

1

## VERIFICATION

2    I am th plaintiff in the above-entitled action.  I have read the foregoing and am

3  familiar with the Complaint for Damages and contents thereof, and the same is true of my

4  own knowledge, except as to those statements made upon my information and belief, and as

5  to those statements, I am informed and believe them to be true.

6    I declare under penalty of perjury under the laws of the State of California that the

7  foregoing is true and correct.  Executed this ___ day of April 2007, at Ukiah, California.

8

9

10                            _____
                             KEN KUNZLER

11

12

13

14

15

16

17

18

19

20

21

22