LEWIS BRISBOIS BISGAARD & SMITH LLP
Shawn A. Toliver, SB# 148349
Marisa M. Yee, SB# 226729
One Sansome Street, Suite 1400
San Francisco, CA 94104
Tel:   (415) 362-2580
Fax:   (415) 434-0882

Attorneys for Defendants UNITED AGRI PRODUCTS, INC., and UAP DISTRIBUTION, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KEN KUNZLER<br><br>    Plaintiff,<br>v.<br><br>UNITED AGRI PRODUCTS, INC., UAP DISTRIBUTION, INC., and DOES 1 through 25, inclusive,<br><br>    Defendants. | CASE NO. C 07-03555 EMC<br><br>**ANSWER AND DEFENSES OF UNITED AGRI PRODUCTS, INC. AND UAP DISTRIBUTION, INC.**<br><br>Removal Filed:  July 10, 2007<br>Trial Date:  None Set |

COME NOW Defendants United Agri Products, Inc. and UAP Distribution, Inc. (collectively "UAP"), for their Answer to the First Amended Complaint for Damages of Plaintiff Ken Kunzler (hereinafter the "First Amended Complaint"), and for their defenses thereto, state as follows:

### GENERAL DENIAL

UAP denies each and every allegation, claim and thing contained in the First Amended Complaint, except as hereafter expressly admitted, qualified or explained.

///

///

///

///

///

4820-8312-6785.1                                      1

ANSWER AND DEFENSES OF UNITED AGRI PRODUCTS, INC. AND UAP DISTRIBUTION, INC.

## ANSWER TO THE FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION

### (Negligence)

1. In answer to the allegations set forth in Paragraph 1 of the First Amended Complaint, UAP states that it is without sufficient information or knowledge to form a belief as to the truth of the allegations stated therein, and, therefore, UAP denies the allegations stated therein.

2. In answer to the allegations set forth in Paragraph 2 of the First Amended Complaint, UAP states that it is without sufficient information or knowledge to form a belief as to the truth of the allegations stated therein, and, therefore, UAP denies the allegations stated therein.

3. In answer to the allegations set forth in Paragraph 3 of the First Amended Complaint, UAP affirmatively admits that Defendant United Agri Products, Inc., is a corporation organized and existing under the laws of the State of Delaware. Answering further, UAP denies the remaining allegations stated therein.

4. In answer to the allegations set forth in Paragraph 4 of the First Amended Complaint, UAP admits the allegations stated therein, and that Defendant UAP Distribution, Inc., is authorized and does business in the State of California.

5. In answer to the allegations set forth in Paragraph 5 of the First Amended Complaint, UAP states that it is without sufficient information or knowledge to form a belief as to the truth of the allegations stated therein, and, therefore, UAP denies the allegations stated therein.

6. In answer to the allegations set forth in Paragraph 6 of the First Amended Complaint, UAP states that it is without sufficient information or knowledge to form a belief as to the truth of the allegations stated therein, and, therefore, UAP denies the allegations stated therein.

7. In answer to the allegations set forth in Paragraph 7 of the First Amended Complaint, UAP admits that Defendant UAP Distribution, Inc., hosted an event in Ukiah, California, on or about July 21, 2005. UAP further admits that a 5-gallon container of fertilizer was a raffle prize awarded at the event. Answering further, UAP denies any and all remaining allegations in Paragraph 6 of the First Amended Complaint.

4820-8312-6785.1    2

ANSWER AND DEFENSES OF UNITED AGRI PRODUCTS, INC. AND UAP DISTRIBUTION, INC.

8. In answer to the allegations set forth in Paragraph 8 of the First Amended Complaint, UAP states that it is without sufficient information or knowledge to form a belief as to the truth of the allegations stated therein, and, therefore, UAP denies the allegations stated therein.

9. In answer to the allegations set forth in Paragraph 9 of the First Amended Complaint, UAP denies the allegations stated therein.

10. In answer to the allegations set forth in Paragraph 10 of the First Amended Complaint, UAP denies the allegations stated therein.

## SECOND CAUSE OF ACTION

### (Strict Products Liability)

11. In answer to the allegations in Paragraph 11, UAP incorporates its responses to Paragraphs 1-10 of the First Amended Complaint, inclusive, as if fully set forth.

12. In answer to the allegations set forth in Paragraph 12 of the First Amended Complaint, UAP denies the allegations stated therein.

13. In answer to the allegations set forth in Paragraph 13 of the First Amended Complaint, UAP denies the allegations stated therein.

## THIRD CAUSE OF ACTION

### (Strict Liability Based Upon Ultrahazardous Activity)

14. In answer to the allegations set forth in Paragraph 14 of the First Amended Complaint, UAP incorporates its responses to Paragraphs 1-13 of the Complaint, inclusive, as if fully set forth.

15. In answer to the allegations set forth in Paragraph 15 of the First Amended Complaint, UAP denies the allegations stated therein.

16. In answer to the allegations set forth in Paragraph 16 of the First Amended Complaint, UAP denies the allegations stated therein.

///

///

///

///

ANSWER AND DEFENSES OF UNITED AGRI PRODUCTS, INC. AND UAP DISTRIBUTION, INC.

## DEFENSES

A.  UAP incorporates and re-alleges herein its responses set forth above in response to the First Amended Complaint.

B.  Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

C.  Plaintiff's injuries and/or damages, if any, were caused or contributed to by his own acts of negligence, omissions or fault, or the negligent acts, omissions or fault of others for whose conduct UAP is not responsible, the relative fault of which must be compared in assessing any damages against UAP.

D.  Plaintiff's claims and/or the recovery of all or certain claimed damages may be precluded by a superseding and/or intervening cause.

E.  UAP alleges that any tort theory asserted by Plaintiff fails to state a claim upon which relief can be granted on the ground that Plaintiff's remedy lies only in the law of warranty and contract for economic loss.

F.  The sole proximate cause of the Plaintiff's damages, if any, was the negligence of Plaintiff or another person or entity other than UAP.

G.  Plaintiff's claims and/or the recovery of all or certain claimed damages may be precluded by misuse and/or abuse, alteration and/or modification, or substantial change of the product at issue here by persons or entities over which UAP had no control, which misuse/abuse, alteration/modification, or substantial change may have been the sole and proximate cause of the damages, if any, which are sought by Plaintiff.

H.  Plaintiff's damages, if any, are subject to all applicable statutory or common law limitations on damages.

I.  Plaintiff's damages, if any, and/or any damages assessed against UAP, if any, must be reduced by any amount received by Plaintiff in settlement of related claims with third parties, so as to prevent unjust enrichment and double recovery.

J.  Plaintiff may have failed to mitigate his damages, if any.

///

4820-8312-6785.1

4

K.  The damages alleged by Plaintiff were caused by factors over which UAP had no control.

L.  Plaintiff may have failed to join indispensable parties.

M.  Plaintiff's claim may be preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. 136, *et seq.*

N.  Plaintiff's claim and/or the recovery of all or certain claimed damages may be precluded by disclaimers, limitations of liability and/or other language or terms set forth in invoices, receipts, delivery tickets, or other documents provided to Plaintiff by UAP, all as authorized by California Commercial Code §§ 2316 and 2719.

O.  The labels for the products applied on Plaintiff's land and/or crops limited express warranties, disclaimed all implied warranties, and disclaimed liability for incidental and consequential damages, and Plaintiff's claim and/or the recovery of all or certain claimed damages may be precluded as a result. Pursuant to Section 1205 of the California Commercial Code, UAP hereby gives notice that it may offer evidence of trade usage in the pesticide manufacturing industry to disclaim warranties and/or to limit remedies.

P.  If Plaintiff sustained any injuries or damages as alleged in the First Amended Complaint for Damages, such injuries and damages may have arisen out of certain risks, dangers and hazards all of which were plain, observable, open, obvious and well known to Plaintiff and that all of said risks, dangers and hazards were assumed by Plaintiff, and UAP is not liable therefore.

Q.  UAP reserves the right to amend its Answer to include additional affirmative defenses and avoidances which discovery and investigation may disclose as appropriate.

**WHEREFORE,** Defendant UAP prays for judgment as follows:

1.  That Plaintiff takes nothing by reason of the First Amended Complaint on file herein;

2.  That the First Amended Complaint, and every purported claim for relief therein, be dismissed with prejudice;

3.  For costs of suit incurred herein; and

4820-8312-6785.1                     5

ANSWER AND DEFENSES OF UNITED AGRI PRODUCTS, INC. AND UAP DISTRIBUTION, INC.

4. For such other and further relief as the Court deems just and proper.

Dated: July 17, 2007

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____
Shawn A. Toliver
Marisa M. Yee
Attorneys for Defendants United Agri Products, Inc. and UAP Distribution, Inc.

4820-8312-6785.1     6

ANSWER AND DEFENSES OF UNITED AGRI PRODUCTS, INC. AND UAP DISTRIBUTION, INC.