1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Shawn A. Toliver, SB# 148349
2  Helen Lee Greenberg, SB# 230682
   One Sansome Street, Suite 1400
3  San Francisco, CA  94104
   Tel:   (415) 362-2580
4  Fax:   (415) 434-0882

5  **FAEGRE & BENSON LLP**
   Ross W. Johnson, Appearing *Pro Hac Vice*
6  Carolyn Gunkel, Appearing *Pro Hac Vice*
   801 Grand Avenue, Suite 3100
7  Des Moines, IA 50309
   Tel:   (515) 248-9000
8  Fax    (515) 248-9010

9  Attorneys for Defendants UNITED AGRI PRODUCTS, INC., and UAP DISTRIBUTION, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KEN KUNZLER<br><br>Plaintiff,<br><br>v.<br><br>UNITED AGRI PRODUCTS, INC., UAP DISTRIBUTION, INC., and DOES 1 through 25, inclusive<br><br>Defendants. | Case No.  C 07-03555 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Removal Filed: July 10, 2007<br>Trial Date: None Set |

Counsel for Plaintiff Ken Kunzler (hereinafter "Plaintiff") and Defendants United Agri Products, Inc. and UAP Distribution, Inc. (hereinafter "Defendants") hereby provide their Joint Case Management Plan:

1. <u>Jurisdiction and Service</u>:

The basis for the Court's jurisdiction is 28 U.S.C. § 1332 (diversity jurisdiction). Defendants believe that personal jurisdiction over Defendant United Agri Products, Inc. may be lacking, and that it was not properly served. However, these issues will be moot once Plaintiff dismisses (without prejudice) Defendant United Agri Products, Inc., which he has agreed to do. No issues exist concerning venue.

4813-5732-9409.1

2. <u>Facts:</u>

<u>Plaintiff's Factual Statement:</u>

Plaintiff Ken Kunzler owns a grape vineyard in Ukiah, California. At or about the times of the events involved in this suit, Kunzler sold the vineyard property to Granite Construction Company (a sand, gravel and road construction business). Granite leased the vineyard back to Kunzler through the year 2009. According to the terms of the lease, Kunzler had possession rent-free until 2007, at which time he was to pay $500.00 per acre. At the time of the events involved in this lawsuit and at all relevant subsequent times, Kunzler had contracts to sell his grapes to local wineries.

In the summer of 2005, Kunzler attended a barbeque in Ukiah which was sponsored by United Agri Products, Inc. (UAP). At the barbeque, Kunzler won a raffle prize, a 5-gallon pail labeled "0-8-16 fertilizer." Kunzler, who had once been the local UAP warehouse manager, was familiar with and had used the product in the past.

Shortly after the barbeque, Kunzler applied the subject "fertilizer" to 8 acres of his vineyard in Ukiah. He used the proper proportions and used a spray rig that was dedicated solely to the application of fertilizer and which was clean. Soon after the application, the vines that were sprayed began to wilt and turn brown. The crop yield for the 8 acres sprayed was substantially less than it was for the remainder of the vineyard and far below the historical average. The 8 acres of vines in question died before the following crop year (2006).

<u>Defendant's Factual Statement:</u>

Defendants deny that the fertilizer was contaminated when it left Defendants' possession (as alleged by Plaintiff). Defendants did not receive any complaints about the product in the containers filled from the same bulk tank as the container in question. Defendants' records do not show any opportunity for contamination of the container (and product) in question prior to the

time it left Defendants' possession. The contamination, if any, had to have occurred once the product came into Plaintiff's possession. Plaintiff has not come forward with facts excluding other potential causes of the alleged damage to his vineyard, including weather issues.

The primary factual issues in dispute include:

    a.    Whether the fertilizer was contaminated;

    b.    If the fertilizer was contaminated, at what point did it become contaminated;

    c.    If the fertilizer was contaminated, what was the source of the contamination;

    d.    Whether Plaintiff's application equipment was contaminated;

    e.    What was the cause of any damage to Plaintiff's vineyard;

    f.    The nature and extent of any damage to Plaintiff's vineyard.

3.    <u>Legal Issues</u>:

The primary legal issues in dispute include:

    a.    Whether Defendants were negligent in providing allegedly contaminated fertilizer to Plaintiff, or in making representations about the fertilizer (including via the labeling);

    b.    Whether Plaintiff was negligent in applying the fertilizer or other products or in some other manner causing damage to his vineyard;

    c.    Whether Defendants' provision of fertilizer (and allegedly herbicides) to Plaintiff constitutes "ultrahazardous" activity, such that Plaintiff can maintain such a claim;

    d.    Whether the fertilizer was "defective as to manufacture and warnings," such that Plaintiff can maintain a claim for strict products liability;

    e.    Whether Plaintiff's claims properly sound in tort or contract;

    f.    Whether limitations of liability and/or disclaimers preclude Plaintiff's claims and/or the recovery of certain damages;

    g.    Whether Plaintiff can come forward with evidence showing that the fertilizer was the cause of his alleged damages; and

h. Whether some or all of Plaintiff's claims are preempted under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. 136 *et seq.* (hereinafter "FIFRA").

4. Motions:

No motions have been filed as of the date of this Joint Case Management Statement. Plaintiff anticipates filing a summary judgment motion. Defendants anticipate filing motions concerning: (1) whether Plaintiff can maintain his negligence claim against Defendants under the facts of this case; (2) whether Plaintiff can maintain his claim against Defendants based on "ultrahazardous activity"; (3) whether Plaintiff can maintain a strict products liability claim against Defendants under the facts of this case; (4) whether limitations of liability and/or disclaimers preclude Plaintiff's claims and/or the recovery of certain damages; and (5) whether some or all of Plaintiff's claims may be preempted under FIFRA.

5. Amendment of Pleadings:

Plaintiff has not identified any anticipated amendments as of this time. Defendants may elect to add additional parties based on facts learned in discovery. Plaintiff believes the deadline for amending pleadings should be five months before trial. Defendants believe the deadline for amending pleadings should be January 15, 2008.

6. Evidence Preservation:

Plaintiff states that the remnants of the contents of the container in question are currently being held by the Assistance Agricultural Commissioner in Mendocino County, Tony Linegar. Plaintiff states that both parties have had access to the product and have conducted independent testing of it. Plaintiff is not aware of any other issues concerning the preservation of evidence in this case.

For purposes of complying with the rules concerning preservation and production of ESI, Defendants' counsel identified key custodians of potentially relevant information and documents concerning Plaintiff's account and claims. Defendants' counsel spoke with the key custodians who are current employees and directed them to retain all potentially relevant information and documents. Defendants' counsel followed these conversations with written instructions to the key

4813-5732-9409.1                                     4

JOINT CASE MANAGEMENT STATEMENT

custodians concerning evidence preservation. Defendants' counsel worked with information technology personnel in California and Colorado (where Defendants' headquarters are located) to preserve existing electronic documents (including, but not limited to, e-mails, Word documents, and Excel documents) of the key custodians. Defendants' counsel can provide additional information regarding these efforts if necessary.

7. <u>Disclosures</u>:

The parties plan to exchange initial disclosures by the deadline of October 10, 2007. The disclosures will include all information required under Rule 26(a), including witnesses with relevant information, relevant documents, alleged damages, and insurance information.

8. <u>Discovery</u>:

Plaintiff plans to seek information in the form of document requests, interrogatories, and requests for admission regarding manufacturing, packaging and distribution process of Defendants' agricultural chemicals as well as the source and chain of custody of the product received by Plaintiff. However, Plaintiff has not issued any written discovery requests as of this time. At this time, Plaintiff plans to take the depositions of the following people: (1) Mark Hooper - former UAP employee who examined the contents of the pail in question; (2) Pete Chevalier - current UAP local representative who conducted the barbeque and raffle; (3) Tony Linegar - Assistant Agricultural Commissioner of Mendocino County who is in possession of the container (and its contents); (4) representatives of the laboratories that testing of the product; (5) Keith Lucido - UAP warehouse manager in Ukiah; (6) any other witnesses that the foregoing discovery reveal; and (7) any experts disclosed by Defendants.

Defendants issued written discovery requests—Interrogatories and Requests for Production of Documents—to Plaintiff on September 21, 2007. Defendants may issue additional written discovery to Plaintiff, including Requests for Admissions. Defendants may seek documents from third parties with knowledge about Plaintiff's growing operations in 2005 and prior years. At this

time, Defendants plan to take the depositions of the following people: (1) Plaintiff Ken Kunzler; (2) persons or entities involved in applying products to Plaintiff's vineyard in 2005 and prior years; (3) persons or entities involved in Plaintiff's growing operation in 2005 and prior years; (4) persons or entities who were involved in testing the fertilizer at issue; (5) any experts disclosed by Plaintiff; and (6) any other witnesses that the foregoing discovery reveal.

The parties anticipate taking discovery on the factual and legal issues identified herein, as well as on any related issues. The parties do not propose any changes with respect to the scope of discovery or the rules governing discovery.

9. <u>Class Actions</u>:

This is not a class action.

10. <u>Related Cases</u>:

There are no related cases.

11. <u>Relief</u>:

Plaintiff seeks to recover $194,300, which allegedly constitutes "loss of revenues from year 2005 to 2009," as well as "interest according to law" and "cost(s) of suit." The basis of this damages claim is as follows: Kunzler's damages were $50,991.00 for 2005 (representing 46 lost tons, based on actual tonnage from the undamaged acreage) of Chardonnay at $1,200.00 per ton contract price less $6,359.00 in picking costs not incurred for damaged fruit, plus $2,050.00 in additional cleanup and selective picking costs. Kunzler lost $52,176.00 in revenues in 2006, representing 61.48 tons lost less $21,600.00 in production costs not incurred. Plaintiff's losses for 2007 will be calculated in the same manner (once counsel obtains the actual crop yield figures) except $4,000.00 should be deducted for rent paid to Granite Construction (at $500.00 per acre). The lost revenues for 2008 and 2009 will be calculated based upon historical averages that are less than the tonnages produced in 2005 and 2006. It is expected the losses for 2007 through 2009 will be between $30,000.00 and $40,000.00 per year.

///

///

Defendants do not have sufficient information at this time to comment on the calculation of Plaintiff's damages, assuming liability (which is denied) is established. However, at this time, Defendants believe that certain damages claimed by Plaintiff, including, specifically, damages for lost yields, revenues, and/or profits, may be precluded by terms or the agreement by which Plaintiff took possession of the fertilizer and/or the fertilizer label.

12. <u>Settlement and ADR</u>:

The parties agreed to mediation and filed a stipulation seeking a referral to mediation on September 26, 2007. The Court referred the case to mediation on September 28, 2007. Upon information and belief, the parties are in compliance with all local rules pertaining to ADR. The parties believe they will need, at a minimum, complete responses to initial written discovery requests, as well as responses to limited third party discovery, to engage in a meaningful mediation.

13. <u>Consent to Magistrate Judge For All Purposes</u>:

The parties have consented to having the Magistrate Judge Chen preside over this case for all purposes.

14. <u>Other References</u>:

Both parties do not agree at this time that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

The parties are not aware of anything that can be narrowed at this time by agreement or by motion, other than the agreed dismissal without prejudice of Defendant United Agri Products, Inc.—UAP Distribution, Inc.'s corporate parent. The parties have no suggestions for expediting the presentation of evidence at this time. The parties are not requesting the bifurcation of any issues, claims or defenses at this time. The parties will consider these issues as this case proceeds.

16. <u>Expedited Schedule</u>:

Both parties do not agree that this is the type of case that can be handled on an expedited basis with streamlined procedures.

///

17. <u>Scheduling</u>:

The parties are unable to agree upon a proposed schedule given different beliefs as to how long it will take to prepare the case for trial. Plaintiff believes that the parties will be ready for trial in seven (7) months (or in May 2008). Defendant believes that the parties will be ready for trial in thirteen (13) months (or in November 2008).

Plaintiff proposes the following schedule:

| | |
|---|---|
| Deadline to Amend Pleadings: | 11/12/07 |
| Deadline to Add Parties: | 11/12/07 |
| Deadline for Initial Expert Disclosures by All Parties: | 12/11/07 |
| Deadline for Rebuttal Expert Disclosures: | 12/26/07 |
| Deadline for Completion of All Discovery: | 01/25/08 |
| Deadline for Dispositive Motions: | 02/25/08 |
| Trial Ready Date: | 05/26/08 |

Defendant believes the schedule proposed by Plaintiff is unworkable because the parties will need more time for discovery and the disclosure of experts, and the schedule calls simultaneous disclosure of experts.

Defendant proposes the following schedule:

| | |
|---|---|
| Deadline to Amend Pleadings: | 01/15/08 |
| Deadline to Add Parties: | 01/15/08 |
| Deadline for Plaintiff's Initial Expert Disclosures: | 02/15/08 |
| Deadline for Defendants' Initial Expert Disclosures: | 04/15/08 |
| Deadline for Plaintiff's Rebuttal Expert Disclosures: | 05/15/08 |
| Deadline for Completion of Discovery: | 06/16/08 |
| Deadline for Dispositive Motions: | 07/15/08 |
| Trial Ready Date: | 11/17/08 |

Plaintiff objects to Defendant's proposed schedule because the proposed trial date is too far into the future and because Plaintiff's and Defendants' expert disclosures should be simultaneous.

///

19. **Disclosure of Non-Party Interested Entities or Persons:**

Both parties have filed Certifications of Interested Entities or Persons. Plaintiff did not identify any other persons or entities in its Certification. Defendant disclosed that Defendant United Agri Products, Inc. is the corporate parent of Defendant UAP Distribution, Inc., and that UAP Holdings Corp., a publicly-traded company (NASDAQ) which is corporate parent of United Agri Products, Inc., may have a financial interest in this case given its status as the corporate parent of United Agri Products, Inc.

20. **Other Issues:**

The parties have not identified any other issues to raise with the Court at this time.

> I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.
>
> _____
> Helen Lee Greenberg

Dated: October 10, 2007

THOMAS S. BRIGHAM, ESQ.
BROOKE A. BRIGHAM, ESQ.

By  /s/ Thomas S. Brigham (with consent)
    Thomas S. Brigham, Esq.
    Brooke A. Brigham, Esq.
    Attorneys for Plaintiff KEN KUNZLER

Dated: October 10, 2007

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ Helen Lee Greenberg
    Shawn A. Toliver
    Helen Lee Greenberg
    Attorneys for Defendants UNITED AGRI PRODUCTS, INC., and UAP DISTRIBUTION, INC.

///
///
///
///

4813-5732-9409.1

9

JOINT CASE MANAGEMENT STATEMENT

Dated: October 10, 2007                    FAEGRE & BENSON LLP

By  /s/ Ross W. Johnson
    Ross W. Johnson*
    Carolyn A. Gunkel*
    Attorneys for Defendants UNITED AGRI PRODUCTS, INC., and UAP DISTRIBUTION, INC.
    * Admitted *pro hac vice*

**CERTIFICATE OF SERVICE BY MAIL**
*Kunzler v. United Agri Products, Inc.*
USDC Case No. C-07-03555 EMC

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, Suite 1400, San Francisco, California, 94104.

On October 10, 2007, I served the following document described as:

**JOINT CASE MANAGEMENT STATEMENT**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Thomas S. Brigham<br>Brooke A. Brigham<br>441 N. State Street<br>P.O. Box 358<br>Ukiah, CA 95482 | Tel: 707.462.9292<br>Fax: 707.467.2492<br>Email: tsbrigham@sbcglobal.net<br>briglaw@comcast.net |

[X]   (BY MAIL, 1013a, 2015.5 C.C.P.)

   [ ]   I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

   [X]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 10, 2007, at San Francisco, California.

_____
Elaine Auwbrey

4838-1622-4257.1